UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STACI-JO BARNES-VELEZ, HAROLD
VELEZ, and ENA BARNES,

        Plaintiffs,

v.        Case No.  6:18-cv-634-Orl-18GJK

FEDERAL COMMUNICATION COMMISSION,
FEDERAL BUREAU OF INVESTIGATION, and
NATIONAL SECURITY AGENCY,

        Defendants.
_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)** |
| **FILED:** | April 23, 2018 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED and the case be DISMISSED**.

On April 23, 2018, pro se plaintiff Staci-Jo Barnes-Velez ("Barnes-Velez") filed a Complaint on behalf of herself and Harold Velez and Ena Barnes[1] (collectively, "Plaintiffs") alleging that the Federal Communications Commission, the Federal Bureau of Investigation, and

---

[1] Although Harold Velez and Ena Barnes are listed in the caption as plaintiffs, they are not mentioned by name in the body of the Complaint, and Barnes-Velez is the only Plaintiff that signed the Complaint. Doc. No. 1 at 6.

the National Security Agency (collectively, "Defendants") are wiretapping their home, hacking their computers, installing cameras in their home, tampering with their mail, and then disclosing the information obtained from these activities to third parties. Doc. No. 1. On the same day, Barnes-Velez filed an Application to Proceed in District Court Without Prepaying Fees or Costs (the "Motion"). Doc. No. 2.

I.   APPLICABLE LAW

The United States Congress requires the district court to review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. 28 U.S.C. § 1915.[2] The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A)  the allegation of poverty is untrue; or
> (B)  the action or appeal --
>     (i)  is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. Pursuant to Local Rule 4.07(a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or

---

[2] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.07(a).

other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

### A.     Discretion Under 28 U.S.C. § 1915

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[3] *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

### B.     Frivolous and Malicious Actions Under 28 U.S.C. § 1915(e)(2)(B)(I)

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d at 639. The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Id.* A district court should order a Section 1915 dismissal only when a claim lacks an arguable

---

[3] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2). *Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

basis in law. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Id.*

Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 U.S. at 329. Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *Id.* at 327. A complaint is also frivolous where it asserts factual allegations that are "clearly baseless," which, in turn, encompass allegations that are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 327-28).

## II.   ANALYSIS

Barnes-Velez alleges that Defendants illegally wiretapped Plaintiffs' cell phones and home phones, illegally hacked their computers and tablet, and installed cameras in their home. Doc. No. 1 at 2. Barnes-Velez contends that these actions violate the First, Fourth, and Fourteenth Amendments, the Privacy Act of 1974, the Patriot Act, the Electronic Communications Privacy Act, the Wiretap Act, and the FISA Act. *Id.* Barnes-Velez then alleges that Defendants illegally disclosed the information they gained from these activities "to the media (television networks, radio, print, social media) and other unauthorized third parties (Plaintiffs['] fellow church members, neighbors, friends/acquaintances and relatives)." *Id.* at 3.

This is Barnes-Velez's second attempt to bring a lawsuit against Defendants based on these allegations. On September 12, 2016, Barnes-Velez filed a substantially similar complaint against Defendants, making these same accusations. Case No. 6:16-cv-1585-18TBS, Doc. No. 1. On April 12, 2017, the Court granted Defendants' motion to dismiss and dismissed the case without prejudice. Case No. 6:16-cv-1585-18TBS, Doc. No. 20. Barnes-Velez's third charge

against Defendants in the present litigation is based on this dismissal. Doc. No. 1 at 3. She alleges that Defendants prevented her from receiving their motion to dismiss, and "[t]hus, Plaintiffs were deprived of any opportunity of refuting or opposing Defendants' Motion to Dismiss." *Id.* Barnes-Velez also alleges that Defendants hindered "Plaintiffs' efforts to find legal representation." *Id.* She contends that Defendants "engaged in smear and scare tactics in order to discourage Plaintiffs from suing them." *Id.*

There are two reasons why the Complaint should be dismissed. First, it violates Federal Rule of Civil Procedure 8, as it does not contain a short and plain statement that establishes a right to relief. Similarly to the complaint in Case No. 6:16-cv-1585-18TBS, Barnes-Velez here fails to specify the individuals that committed the wiretapping, hacking, installation of cameras, and disclosures of information or the dates when these actions occurred. She does not allege how Defendants prevented her from receiving the motion to dismiss or hindered her efforts to obtain a lawyer. As United States District Judge Kendall G. Sharp stated in the order dismissing the earlier case, "The Complaint is devoid of allegations from which the Court could reasonably infer how the Federal Defendants plausibly violated the . . . Plaintiffs' legal and constitutional rights under any viable legal theory." Case No. 6:16-cv-1585-18TBS, Doc. No. 20 at 4.

Second, the Complaint is frivolous. The allegations in the Complaint are fanciful, fantastic, and delusional. Among other things, Barnes-Velez alleges that Defendants installed cameras and listening devices "within and around [Plaintiffs'] home via Comcast modems, cable boxes and through their vents . . . ." Doc. No. 1 at 4.

As the Complaint is frivolous and fails to comply with Federal Rule of Civil Procedure 8, it is recommended that the Motion be denied and the Complaint be dismissed without prejudice.

### III.     CONCLUSION

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **DENY** the Motion (Doc. No. 2);

2. **DISMISS** the case without prejudice; and

3. Direct the Clerk to close the case.

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida, on May 8, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Presiding District Judge
Unrepresented party